**In re Tina ROSE and Alfred Rose, Debtors.**

**Bankruptcy No. 88–01111.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Feb. 16, 1993.

James Luton, Marion, OH, for debtors.

Robert Logsdon, Marion, OH, for creditor, Theresa Lynn Rose.

John J. Hunter, Trustee.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Teresa Lynn Rose aka Sweringen's (hereafter "Creditor") Motion to Terminate Purchase Option. A Hearing was convened and the parties were afforded the opportunity to present evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the entire record in this case. Based upon that review, and for the following reasons, this Court finds that this case is a non-core unrelated proceeding and consequently this Court is without jurisdiction to hear or decide this matter. Creditor's Motion to Terminate Purchase Option should therefore be Dismissed.

## FACTS

Debtor, Alfred Rose, divorced Creditor on June 1, 1981 in Marion County, Ohio. The parties entered into an agreement whereby Debtor was awarded all right, title and interest in the marital real estate located at 475 South Broadway, New Bloomington, Ohio. Debtor agreed to assume the mortgage and pay Creditor One Thousand and 00/100 Dollars ($1,000.00) for her interest in the real estate. Upon completion of all payments, Creditor was ordered to quitclaim her interest in the real estate to Debtor.

Pursuant to the Decree of Divorce, Debtor paid Creditor the sum of Thirty and 00/100 Dollars ($30.00). Apparently, Creditor filed a cause of action seeking to partition the real estate. The trial court denied Creditor's request and Creditor sought appellate review. The Third District Court of Appeals held that the partition action is the proper mechanism to enforce Creditor's rights in the property.

The Debtors in the instant case filed their petition for relief pursuant to Chapter 7 of the Bankruptcy Code on May 16, 1988. Alfred Rose's counsel represented that prior to discharge, Debtor did reaffirm the mortgage on the New Bloomington, Ohio real estate. Creditor's claim for Nine Hundred Seventy and 00/100 Dollars ($970.00) was listed on the attendant schedules as an unsecured claim, without priority. The First Meeting of Creditors was scheduled for July 8, 1988 and Debtors were released of all dischargeable debts on December 19, 1988. Notice of Discharge was forwarded to Creditor on December 23, 1988 and the estate was closed on January 5, 1989. John Hunter, Trustee, administered the estate and was relieved of his duties on January 8, 1993.

Creditor filed a Motion to Reopen the Case on September 14, 1992. The Motion was granted after Hearing on October 16, 1992. Creditor filed a Motion to Terminate Purchase Option on December 27, 1992 and this matter was scheduled to be heard on January 25, 1993. Both counsel appeared and presented oral argument.

## LAW

28 U.S.C. § 157 reads as follows:

**§ 157. Procedures.**

(a) Each district court may provide that any or all cases under title 11 and

any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

## DISCUSSION

Creditor's rationale for initiating this cause of action is to recover damages incurred as a result of Debtor's failure to disclose the true nature of his indebtedness. As a result of Debtor's misrepresentations, Debtor is personally relieved of all liability to Creditor relating to the subject real estate. Creditor argues that equity demands that Debtor's option to purchase the real property be terminated since Creditor has been deprived of payment from Debtor for her interest in the real estate. Creditor admits that a forced sale of the real estate will serve to compensate her for her loss; however, it will provide little, if any, benefit to the estate.

Debtor argues that although Creditor is prohibited from pursuing Debtor personally on the indebtedness, she may pursue her cause of action *in rem*. Debtor also argues that Creditor has remedies under Rule 70 of the Federal Rules of Civil Procedure and Rules 4004 and 4007 of the Bankruptcy Rules.

Jurisdiction must be conferred upon a bankruptcy court by statute. Pursuant to 28 U.S.C. § 157, there exist three categories of proceedings in bankruptcy: core proceedings; non-core and related proceedings; and non-core and unrelated proceedings. *In re Edwards*, 100 B.R. 973 (Bankr. E.D.Tenn.1989). Bankruptcy courts are empowered to enter final judgments in core proceedings. If the proceeding is designated as a non-core and related proceeding, the bankruptcy court may not issue a final order absent the consent of the parties. 28 U.S.C. § 157(c). Instead, the bankruptcy court must submit proposed findings of fact and conclusions of law to the district court which may then issue a final judgment. The bankruptcy court lacks jurisdiction over any non-core and unrelated proceeding. 28 U.S.C. § 157(c).

Section 157 provides that bankruptcy judges may hear and determine all cases under Title 11 and all core proceedings arising in or related to Title 11 or arising in a case under Title 11, referred by district court. The burden to prove that an issue is a core proceeding rests on the party seeking the bankruptcy court to assert jurisdiction. *In re Edwards, id.*, at 977. In the case at bar, Creditor's claim does not invoke substantive rights provided under the Bankruptcy Code or proceedings which could arise only in the context of the bankruptcy proceedings. Accordingly, Creditor's claims are not core in nature. This Court's jurisdiction will be invoked only upon proof by Creditor that the issues raised in her Motion are related or unrelated to the bankruptcy case.

The usual test for determining whether an action is "related" to bankruptcy is whether the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt's estate. *Pacor, Inc., v. Higgins*, 743 F.2d 984, at 994 (3d Cir.1984)). After examination of the evidence, this Court finds that Creditor has not met the burden of establishing that there is any impact upon the bankruptcy estate. Debtor reaffirmed the mortgage and the recovery by the Trustee would not affect the amount of property available to the estates' creditors. Despite the common issues between the bankruptcy and divorce cases, this matter does not rise to the scope of a "related" case as defined in *Pacor*. Under this two pronged test, the instant case should be classified as a non-core and unrelated proceeding.

Although Creditor is foreclosed from seeking payment from Debtor personally, she is not without recourse. According to both counsel, the Third District Court of

Appeals has decided that Creditor's remedy for enforcement of the parties' agreement is best suited for judicial partitioning under state law. The partition action will affect the Debtor's rights to the subject real estate however, Creditor will obtain the relief requested in this matter. The partition action will have no impact upon the administration or handling of the bankruptcy case.

Creditor's Motion to Terminate Purchase Option constitutes a non-core and unrelated proceeding. It neither arises under or relates to Title 11; nor can it be classified as a core proceeding. Since bankruptcy courts lack jurisdiction over non-core and unrelated proceedings, Creditor's Motion to Terminate Purchase Option should be Dismissed.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

ORDERED that Creditor's Motion to Terminate Purchase Option be, and hereby is, DISMISSED for lack of subject matter jurisdiction.